Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1205 | **DATE** | 2-28-2013 |
| **CASE TITLE** | Trolus Pickett (#2008-0043425) v. Sheriff T. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* application [3] is granted. The court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $51.20 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The complaint is dismissed as to Defendants Dart, Godinez, Mueller, and Hart. The Clerk shall issue summonses for Defendants Mansour, Patel, and Rubio, and the United States Marshals Service is appointed to serve those defendants. The Clerk shall send Plaintiff the Instructions for Submitting Documents, a Magistrate Judge Consent Form, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Trolus Pickett, presently in custody of the Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has a family history of type 2 diabetes and that he was tested at the Cook County Jail in 2010 and found to be borderline diabetic. Despite raising his condition on multiple occasions, Plaintiff alleges inadequate and delayed care by Defendants Mohamed Mansour and Manisha Patel. He further alleges that he complained to Defendant Correctional Officer Rubio about feeling ill and needing to go to the health care unit to have his blood/glucose level checked, but that Rubio refused and instead offered him a candy bar. With respect to Defendants Dart, Godinez, Hart and Mueller, Plaintiff seems to allege that they are responsible due to their supervisory roles at the jail.

Plaintiff's *forma pauperis* application is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $51.20. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court must conduct a prompt initial review of prisoner complaints against governmental entities or employees. Accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable claim as to Defendants Mansour, Patel, and Rubio for deliberate indifference to a serious medical need. *See Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006); *Wilson v. Groze,* 800 F. Supp. 2d 949, 952-53 (N.D.Ill 2011). Those defendants will have to answer the complaint once they are served.

The complaint also purports to make claims against Defendants Tom Dart, Salvador Godinez, Avery Hart,

| STATEMENT |
|---|

and John Mueller in their supervisory capacities. Plaintiff has alleged no facts suggesting these four defendants' direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at any of these Defendants' direction or with their knowledge and consent. *See ibid.* This is fatal to their claims against those four defendants; § 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Moreover, because Plaintiff has pleaded that medical personnel made the decisions regarding his treatment for diabetes, the supervisory and administrative personnel cannot be held liable where, as here, there are no allegations regarding their personal involvement. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care."); *Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (same).

The Clerk shall issue summonses for Defendants Mansour, Patel, and Rubio (hereinafter, "Defendants"). The United States Marshals Service is appointed to serve Defendants. The Marshals Service shall send Plaintiff any service forms that must be completed, and Plaintiff shall return those forms to the Marshals Service. The Marshals Service shall make all reasonable efforts to serve Defendants. If a Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service, and shall not be maintained in a court file or disclosed by the Marshals Service. The Marshals Service is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to defense counsel; until defense counsel appears, the Defendants themselves should be served. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court.

Plaintiff's motion for appointment of counsel is denied without prejudice. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). The case at the present time does not involve complex discovery or require an evidentiary hearing, and Plaintiff's current pleadings indicate that he has the presence of mind and intellectual capability to continue representing himself. Accordingly, his motion for the appointment of counsel is denied without prejudice to his renewing the motion later in the case. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007).